**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Bankruptcy No. 22-12041-amc |
| Vladimir Albert, | : Chapter 13 |
| *Debtor*. | : |

**<u>CONSENT ORDER / STIPULATION AGREEMENT</u>**

AND NOW, upon the Motion of Debtor, Vladimir Albert, ("Debtor") to Reconsider the Order Modifying the Automatic Stay as to Rocket Mortgage, LLC s/b/m/t Nationstar Mortgage, LLC ("Creditor") under §362, and §1301 as to Veronica Albert, as to certain property, 2409 Tremont Street, Philadelphia, PA 19115 (the "Property"), it is hereby agreed as follows:

1. Creditor acknowledges that the loan is post-petition current and due for the June 1, 2026, payment.

2. Debtor acknowledges that he will continue to make the regular monthly payments to Creditor beginning with the June 1, 2026, payment and will stay current with the regular payments going forward.

3. Creditor hereby agrees and consents to reinstatement of the automatic stay.

4. Creditor shall file a Notice of Post-Petition Fees, Expenses and Charges for the Attorney's Fees & Costs incurred, in connection with the Response to Debtor's Motion, in the amount of $500.00.

5. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before the due dates, Creditor and/or Counsel may, immediately file, a Certification of Default with the Court, and request for Order, with a copy to Debtor and Counsel for Debtor, Creditor shall immediately have relief from the bankruptcy stay upon entry of Court Order. Creditor may file the Certification of Default with the Court without notice to Debtor or Debtor's counsel.

6. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

7. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a Creditor under state and federal law.

8. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph, then the Creditor, through Counsel, may file a certification setting

forth said failure and the Creditor shall be granted immediate relief from the automatic stay and co-debtor stay.

9. It is further agreed that the 14-day stay provided by Rule 4001(a)(4) is hereby waived.

10. The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Debtor's Counsel represents that the Debtor is familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 05/18/2026

/s/ Brad Sadek
Brad Sadek, Esquire
Counsel for Debtor

Date: 05/18/2026

/s/ Jack K. Miller, Esquire for
Kenneth E. West, Esquire
Trustee

Date: 5/18/2026

I have no objection to the terms of the proposed stipulation, without prejudice to any rights or remedies available to us.